CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1913.

Yazoo & Mississippi Valley Railroad Company *v.* Keystone Lumber Yard.

[61 South. 982.]

CARRIERS. *Freight. Charges for delay. Rule 10, Railroad Commission.*

Under paragraph 4, rule 10 of the Railroad Commission, providing that when cars are delayed in transit by being switched to some point between points of shipment and destination, one dollar a car will be charged for each day of delay thus caused; if the delay is caused by something preceding the switching of the cars, which precedent cause was beyond the control of the railroad company, and the switching of the cars is merely incident, the rule does not apply.

APPEAL from the chancery court of Yazoo county.
HON. G. G. LYELL, Chancellor.

Suit by the Keystone Lumber Company against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

105 Miss.]                    (1)

Appellee was complainant in the court below, and appellant was defendant. Suit was begun by bill in chancery to recover of defendant a penalty of one dollar per day for each day of delay shown upon a large number of cars, consigned to complainant and transported for delivery over the line of defendant, which cars are alleged to have been delayed by being set out on switch tracks, and for discovery as to the number of days such cars were delayed and the causes of such delay. Complainants rely upon an order of the Railroad Commission as a basis for their suit, which order is set out in the opinion as part of rule 10.

*Mayes & Mayes,* for appellant.

*E. L. Brown,* for appellee.

No brief of counsel on either side found in the record.

COOK, J., delivered the opinion of the court.

The issue involved in this appeal is the proper construction of paragraph 4 of rule 10 of the Railroad Commission, reading as follows: "When cars are detained in transit by being switched to some point between points of shipment and destination, one dollar per car will be charged for each day or fraction of a day of delay thus caused, and no free time will be allowed in such cases."

Appellant contends that the effect of this rule is to establish an abritrary rule of the Commission, and, for failure on the part of the railroad company to comply with this rule, to allow recoveries to be had against the railroad, when in truth it has performed all its public duties, and has done all things which could be reasonably required of it as a common carrier.

Appellee contends for a more flexible and less rigorous construction of the rule and its application. Taking the rule literally, appellee says, "it does not say 'detained by being broken down,' or 'detained by a washout,' or

'detained for public safety,' or 'detained because of a strike,' or 'detained by congestion of traffic;' but it says 'detained by being switched to some track.' If we said to the court, 'The car was detained at Terry by being switched,' it would at once comprehend that it had been left there, without its detention being occasioned by a washout, a strike, a wreck, a breakdown of that car, a storm, a collision, or a congestion of traffic; but if we said to the court that any one of these seven things happened, at Terry, and that the car was 'detained' there, the 'mind's eye' would immediately perceive the car on the side track at Terry, and would know that it had been switched to that track; but none of us would conceive of saying, in any one of the seven cases put, that the car was 'detained by being switched.' In other words, in railroad parlance, 'I. C. 30,455 switched at Terry' means it was left there without any one of the reasons mentioned. That is what the expression means in law; that is what it means in common sense; that is what the Railroad Commission means by the use of the expression.''

The contention of both parties to this controversy is copied from the briefs of counsel for each.

We concur in appellee's view of the meaning of the rule. It was not intended to make the railroad company liable in any event, where the cause of the delay was beyond the company's control. If the delay is caused by something preceding the switching of the cars, which precedent cause was beyond the control of the company, and the switching of the cars is merely incidental, the rule does not apply

*Affirmed.*